UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRIC MEREDITH RICK GENE STITT,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JASON PICKETT,<br><br>　　　　　Respondent. | No. 1:20-cv-00153-NONE-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 15, 17) |

　　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 20, 2020, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss the pending petition be granted, reasoning that the petition was untimely and that the record did not suggest that petitioner was entitled to either statutory or equitable tolling of the applicable statute of limitations. (Doc. No. 17.) The findings and recommendations were served upon all parties and contained notice that any objections were to be filed within twenty-one days from the date of service of that order. To date, no party has filed objections.

　　　　In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, the court concludes that the

1 findings and recommendations are supported by the record and proper analysis.

2 Having concluded that the pending petition must be dismissed, the court now turns to
3 whether a certificate of appealability should issue.  A state prisoner seeking a writ of habeas
4 corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal
5 is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28
6 U.S.C. § 2253.  Where, as here, the court denies habeas relief on procedural grounds without
7 reaching the underlying constitutional claims, the court should issue a certificate of appealability
8 "if jurists of reason would find it debatable whether the petition states a valid claim of the denial
9 of a constitutional right and that jurists of reason would find it debatable whether the district court
10 was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a
11 plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a
12 reasonable jurist could not conclude either that the district court erred in dismissing the petition or
13 that the petitioner should be allowed to proceed further."  *Id*.  In the present case, the court finds
14 that reasonable jurists would not find the court's determination that the petition should be
15 dismissed debatable or wrong, or that petitioner should be allowed to proceed further.  Therefore,
16 the court declines to issue a certificate of appealability.

17 Accordingly, the court orders as follows:

18 1. The findings and recommendations, filed May 20, 2020 (Doc. No. 17), are ADOPTED
19 IN FULL;

20 2. Respondent's motion to dismiss (Doc. No. 15) is GRANTED;

21 3. The petition for writ of habeas corpus is DISMISSED;

22 4. The Clerk of Court is DIRECTED to ENTER JUDGMENT and close the case; and,

23 5. The Court DECLINES to issue a certificate of appealability.

24 This order terminates the action in its entirety.

25 IT IS SO ORDERED.

26 Dated:   **July 16, 2020**              _Dale A. Drozd_
27                                         UNITED STATES DISTRICT JUDGE

28